UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GRANVILLE SCRUGGS II | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 15-1596 (GMH) |
| CAROLYN W. COLVIN | ) ) |  |
| Defendant. | ) ) ) |  |

### ORDER

On August 19, 2015, plaintiff, proceeding pro se, filed in D.C. Superior Court a one-page complaint against defendant, alleging that defendant is "currently administering two trust funds in the U.S. Treasury" under his name, which were created by his mother at his birth when she submitted an application to the Social Security Administration. Compl. Plaintiff seeks an order directing defendant to redeem the bonds with respect to the two trust funds and to immediately pay him the money. Id.

On September 30, 2015, defendant properly removed plaintiff's suit to this Court. On October 7, 2015, defendant filed a motion to dismiss, asserting that plaintiff failed to raise a cognizable legal claim because "the Social Security Trust Fund does not operate in the manner alleged in the complaint." Mot. to Dismiss at 2. The Court immediately issued an order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), advising the pro se plaintiff that he must respond to defendant's motion to dismiss by November 5, 2015. Plaintiff has not filed any such opposition, though he has filed other documents appearing to address some of defendant's

arguments raised in the motion to dismiss.  See generally Notice of Response [7]; Motion for Order of Injunction [8]; Judicial Notice and Clarification [12].

The undersigned has reviewed these filings carefully, and aside from a renewed demand, plaintiff offers no argument or legal authority to support his claims for monetary relief.  Nor can he.  As defendant correctly notes, plaintiff labors under the misconception that the Social Security Trust Fund operates as a bank account from which he can opt out of and withdraw funds, which is wholly inaccurate.  See U.S. v. Lee, 455 U.S. 252, 256–57 (1982) (holding that unless one falls within the narrow category of self-employed individuals affiliated with a religious organization that provides for its dependent members, an individual cannot refuse to participate in the Social Security program); Droz v. Comm'r of Internal Revenue, 48 F.3d 1120, 1122–23 (9th Cir. 1994) (same).  There is no cognizable basis for plaintiff's claim, and thus, the relief he seeks is not available.  Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss [4] is **GRANTED**; it is

**FURTHER ORDERED** that plaintiff's subsequent motions [8–10] are **DENIED** as moot.

**SO ORDERED.**

DATE: November 10, 2015                            _____
                                                                              G. MICHAEL HARVEY
                                                                              UNITED STATES MAGISTRATE JUDGE